United States District Court
Southern District of Texas
**ENTERED**
March 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASIMIRO BUSTOS SANDOVAL, TDCJ #1911319, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-0865 |
| BOBBY LUMPKIN,[1] Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

State inmate Casimiro Bustos Sandoval has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a conviction entered against him in Harris County, Texas. He has also filed memorandum in support [Doc. # 4]. The respondent has answered with a motion for summary judgment [Doc. # 8]. Sandoval has not filed a response and his time to do so has expired. After reviewing all of the pleadings, the state court records, and the applicable law, the Court will grant the respondent's motion and dismiss this action for the reasons explained below.

---

[1] The court substitutes Bobby Lumpkin, who has succeeded former respondent Lorie Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division, as the respondent in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I.   **BACKGROUND**

A grand jury in Harris County, Texas, returned an indictment against Sandoval in Cause No. 1353837, charging him with murder by intentionally causing the death of Cesareo Herrera by shooting him with a deadly weapon, namely a firearm.[2]   After a trial in the 248th District Court for Harris County, a jury found Sandoval guilty as charged and sentenced him to 50 years' imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ").[3]

On direct appeal, Sandoval argued that the trial court erred by overruling a timely objection raised by defense counsel to improper argument by the prosecutor during the guilt-innocence phase of the trial.[4]   The prosecutor's comment concerned a young child and others who witnessed the offense, but were afraid to testify.[5]   An intermediate court of appeals rejected this claim after finding that the prosecutor's argument was supported by the evidence, which was summarized as follows:

> On June 22, 2012, Cesareo Herrera was shot and killed outside the Mi Familia grocery store in Harris County. Monica Alvarez, a store

---

[2]   Indictment [Doc. # 9-29], at 111.  For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic case filing system (ECF).

[3]   Judgment of Conviction by Jury [Doc. # 9-29], at 116.

[4]   Appellant's Brief [Doc. # 9-5], at 5.

[5]   *Id.* at 6.

employee, heard what she first thought were fireworks, but called police when she saw people on the store surveillance cameras running. Herrera was dead when police arrived at the scene. The shooting took place near volleyball courts adjacent to the grocery store.

Elida Bronfield testified that she lived in an apartment across the street from the grocery store, and she often saw young men playing in the volleyball court next to the store. At about 7:30 p.m. on June 22, Bronfield and her daughter were on her balcony looking toward the store. Bronfield saw approximately 80 people near the volleyball court, and observed [Sandoval] pull a gun out of the pocket of his shorts. Bronfield testified that [Sandoval] pointed the weapon at the ground and fired it.  [Sandoval] then pointed the gun at the victim and shot him. After he shot the victim, [Sandoval] got in a truck and left.

Jaime Duarte lived near the grocery store and visited there many times. On June 22, Duarte arrived at the location between 7:00 and 8:00 p.m., and there were many people already there including [Sandoval]. When Duarte first saw [Sandoval] he was "with some friends of his" and, as they drank, "they ended up getting upset at each other." He heard [Sandoval] say to the victim, "Nobody messes with my friend." [Sandoval] took out a gun and shot it at the ground. The gun jammed after the first shot, but [Sandoval] eventually shot the victim.

Deputy Mario Quintanilla investigated the shooting. When Quintanilla reviewed the surveillance footage from a camera located outside the grocery store he saw that at the time of the shooting there were several witnesses in the area. By the time Quintanilla arrived on the scene those witnesses had left the area. Quintanilla testified that it was difficult to find witnesses in this case because most of the people in the neighborhood are afraid to speak to the police due to their undocumented status.

Through canvassing the neighborhood Quintanilla learned that Bronfield and her daughter had witnessed the shooting from their apartment across the street from the grocery store. Quintanilla also learned that J.T., a ten-year-old boy, had been at the volleyball courts standing next to [Sandoval's] two sons when the shooting occurred. Quintanilla met with J.T. and his mother, learned that they knew the

3

suspect in the shooting and his sons, but that they were afraid to come forward.

After obtaining positive identifications through a photo spread from Bronfield, her daughter, and Duarte, Quintanilla went back to J.T.'s house and showed him the same photo spread.

Quintanilla obtained an arrest warrant, but was unable to locate [Sandoval].   Quintanilla learned that [Sandoval] may have fled to Mexico, but was receiving mixed information. Seven to eight months later [Sandoval] was arrested.

*Sandoval v. State*, No. 14-14-00140-CR, 2015 WL 545776, at *1-2 (Tex. App. — Houston [14th Dist.], Feb. 10, 2015, no pet.).  Sandoval was granted leave to submit an out-of-time petition for discretionary review by the Texas Court of Criminal Appeals,[6] but he did not file one.[7]

Sandoval challenged his conviction further in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, alleging that he was denied effective assistance of counsel at his trial.[8]  After considering an affidavit from defense counsel,[9] the state habeas corpus entered findings of fact and

---

[6]      *See* Ex parte Sandoval, Writ No. 87,969-02 [Doc. # 9-24], at 1-2.

[7]      *See* Respondent's Motion for Summary Judgment, Exhibit A [Doc. # 8-1] at 2 (statement from the Clerk of Court for the Texas Court of Criminal Appeals).

[8]      State Habeas Application [Doc. # 9-29], at 11-13.

[9]      Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 82-86.

conclusions of law, recommending that relief be denied.[10] The Texas Court of Criminal Appeals followed that recommendation, denying relief without a written order based on the state habeas corpus court's findings and its own independent review of the record.[11]

In the federal habeas corpus petition now pending before this Court, Sandoval seeks relief from his murder conviction under 28 U.S.C. § 2254 on the following grounds:  (1) the State engaged in prosecutorial misconduct by making improper argument; and (2) he was denied effective assistance of counsel when his defense attorney failed to:  (a) ask the venire panel if any of the potential jurors were related to or knew the State's witnesses, the victim, or the victim's friends or family to determine bias; (b) object to improper argument about an extraneous offense of evading arrest; (c) object to improper questioning of Deputy Quintanilla about witnesses who did not testify; (d) object to improper questioning of Deputy Quintanilla about a witness who was afraid to testify; (e) impeach an eye-witness and file a motion for mistrial or motion for new trial based on his testimony; or (f) object to improper argument that bolstered witness credibility.[12]

---

[10]    Findings of Fact and Conclusions of Law [Doc. # 9-29], at 88-99.

[11]    Action Taken on Writ No. 87,969-03 [Doc. # 9-28], at 1.

[12]    Petition [Doc. # 1], at 6-8; Memorandum in Support [Doc. # 4], at 12-25.  The petitioner's claims have been liberally construed and re-ordered for purposes of analysis. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

The respondent moves for summary judgment, arguing that Sandoval procedurally defaulted his claim that the prosecutor engaged in misconduct by making improper argument by failing to exhaust remedies regarding this issue.[13] The respondent argues further that Sandoval's ineffective-assistance claims are without merit.[14]

## II.  <u>STANDARD OF REVIEW</u>

Before a state prisoner can seek federal habeas corpus review he is required to exhaust remedies by presenting his claims for adjudication in a procedurally proper manner in state court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).  A Texas prisoner must present the substance of his claims to the highest state court for criminal matters, which is the Texas Court of Criminal Appeals, in either a petition for discretionary review from his direct appeal or an application for state habeas relief under Article 11.07 of the Texas Code of Criminal Procedure.  *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").  Where a prisoner

---

[13]    Respondent's Motion for Summary Judgment  [Doc. # 8], at 7-10.

[14]    *Id.* at 10-24.

fails to pursue available state remedies, or where remedies are rendered unavailable by a prisoner's own procedural default, federal courts are barred from reviewing the claims. *See Coleman v. Thompson*, 501 U.S. 722, 31-32 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Claims that have been properly raised and adjudicated on the merits are subject to the legal standard found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). Under this standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citation omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The Supreme Court has emphasized that 28 U.S.C. § 2254(d) "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'"

8

*Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).  "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference."  *Id.*

## III.   DISCUSSION

### A.   Prosecutorial Misconduct – Improper Argument (Claim 1)

Sandoval contends that he is entitled to relief because of an improper comment made by the prosecutor during closing argument regarding witnesses who were afraid to testify.[15]   Sandoval acknowledges in his pleadings that this claim was rejected by an intermediate court of appeals.[16]  The respondent notes that Sandoval did not appeal further by raising this claim before the Texas Court of Criminal Appeals in a petition for discretionary review or in his state habeas corpus application.[17]  Because Sandoval failed to exhaust available state court remedies and cannot return to state court because of the Texas rule that bars successive habeas applications as an abuse of the writ, the respondent maintains that this claim must be dismissed as barred by the doctrine of procedural default.[18]

---

[15]   Petition [Doc # 1], at 8; Memorandum [Doc. # 4], at 25.

[16]   Memorandum [Doc. # 4], at 25.

[17]   Respondent's Motion for Summary Judgment [Doc. # 8], at 7-8.

[18]   *Id.* at 8-10.

The record confirms that Sandoval did not raise his claim of prosecutorial misconduct in a petition for discretionary review or in his state habeas corpus application that was denied by the Texas Court of Criminal Appeals.  The Texas Court of Criminal Appeals would bar any attempt to raise this claim in a subsequent state habeas application as an abuse of the writ.  *See* Tex. Code Crim. Proc. art. 11.07, § 4; *Ex parte Whiteside*, 12 S.W.3d 819, 821-22 (Tex. Crim. App. 2000).  The Fifth Circuit has recognized that dismissal of a state habeas application for abuse of the writ by the Texas Court of Criminal Appeals constitutes a procedural default that is sufficient to bar federal habeas review of a petitioner's claims.  *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997);  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).  Consequently, federal habeas review of this claim is precluded unless Sandoval can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51.  To satisfy the exception reserved for fundamental miscarriages of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

Sandoval has not filed a response to the respondent's motion for summary judgment and the record does not otherwise disclose any cause for his default or that a fundamental miscarriage of justice will result from the failure to consider this

claim. Accordingly, Sandoval's claim that the prosecutor engaged in misconduct by making an improper comment during closing argument is procedurally barred from federal review and the respondent is entitled to summary judgment on this issue. Alternatively, the claim is without merit for reasons set forth by the intermediate court of appeals, which found that the prosecutor's argument was supported by the evidence and was not improper. *See Sandoval v. State*, No. 14-14-00140-CR, 2015 WL 545776, at *2-3 (Tex. App. — Houston [14th Dist.], Feb. 10, 2015, no pet.).

## B.    Ineffective Assistance of Counsel (Claim 2)

Sandoval contends that he was denied effective assistance of counsel at his trial because his attorney failed to (a) ask the venire panel if any of the potential jurors were related to or knew the State's witnesses, the victim, or the victim's friends or family to determine bias; (b) object to improper argument about an extraneous offense of evading arrest; (c) object to improper questioning of Deputy Quintanilla about witnesses who did not testify; (d) object to improper questioning of Deputy Quintanilla about a witness who was afraid to testify; (e) impeach an eye-witness and file a motion for mistrial or motion for new trial based on his testimony; or (f) object to improper argument that bolstered witness credibility.[19] Citing the

---

[19]     Petition [Doc. # 1], at 6-8; Memorandum in Support [Doc. # 4], at 12-25.

cumulative effect of these errors, Sandoval maintains that he is entitled to relief.[20] The state habeas corpus court rejected these claims after considering an affidavit from defense counsel,[21] concluding that Sandoval was not denied effective assistance under the legal standard found in *Strickland v. Washington*, 466 U.S. 668 (1984).[22]

As the state habeas corpus court correctly determined, a criminal defendant's ineffective-assistance claim is analyzed under the clearly established standard set forth in *Strickland*. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id*. Thus, the failure to demonstrate deficient performance or prejudice is fatal to an ineffective-assistance claim. *See id*. at 683; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

---

[20]   Petition [Doc. # 1], at 6.

[21]   Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 82-86.

[22]   Findings of Fact and Conclusions of Law [Doc. # 9-29], at 92-98.

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *Id*. at 690. To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.*

A showing of mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. To establish the requisite prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

The Texas Court of Criminal Appeals denied relief on Sandoval's claims based on findings made by the state habeas corpus court and its own independent review of the record.[23] Thus, Sandoval's allegations of ineffective assistance are addressed below under the doubly deferential *Strickland* standard that applies on

---

[23]    Action Taken on Writ No. 87,969-03 [Doc. # 9-28], at 1.

federal habeas review.  *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

### 1.     Failure to Question the Venire Panel for Bias (Claim 2a)

Sandoval alleges that defense counsel was deficient for failing to ask questions of the venire panel during voir dire to determine whether any of the potential jurors were related to or knew the State's witnesses, the victim, or the victim's friends or family to determine bias.[24]   In response to this allegation, Sandoval's defense counsel explained that he did not find it necessary to ask the voir dire panel whether they knew the complainant, his family, or any potential witnesses in the case because the trial court had already explained the law regarding the presumption of innocence and questioned the panel about that issue.[25]  Counsel noted that he specifically questioned the panel about bias and discussed the issue with several potential jurors who spoke up.[26]  Based on his questioning and the additional questions posed by the trial court, defense counsel was satisfied that he had sufficient

---

[24]     Petition [Doc. # 1], at 6; Memorandum in Support [Doc. # 4], at 14-15.

[25]     Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 83.

[26]     *Id.*

knowledge to make strikes that were beneficial to Sandoval.[27]  Counsel added that it was his practice to speak with the jury after trial and to the best of his recollection none of the jurors indicated that they knew anyone in the case.[28]

The state habeas corpus court found that defense counsel's affidavit was "credible and reliable in all ways" and that the facts asserted therein were "true."[29] After finding further that counsel's affidavit was consistent with the transcript of the voir dire, the court concluded that defense counsel's trial strategy was reasonable under the circumstances.[30]  The state habeas corpus court also found that Sandoval did not demonstrate that any jury member actually knew any of the parties involved in the case or that he was prejudiced in any way and, therefore, he failed to demonstrate that he was denied effective assistance of counsel during voir dire.[31]

Credibility findings such as those made by the state habeas corpus court with respect to defense counsel's affidavit are entitled to substantial deference on federal habeas review.  *See Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006) (citing *Guidry v. Dretke*, 397 F.3d 306, 326 (5th Cir. 2005)).  In that respect, the

---

[27]     *Id.*

[28]     *Id.*

[29]     Findings of Fact and Conclusions of Law [Doc. # 9-29], at 90.

[30]     *Id.* at 90-91.

[31]     *Id.* at 92.

state court's factual findings and credibility determinations are presumed correct for purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001).

Sandoval does not present any evidence showing that a juror who served at his trial harbored any impermissible bias and, as a result, he does not overcome the presumption of correctness that applies to the state habeas corpus court's fact findings and credibility determinations. Because the record does not show that Sandoval's trial was tainted by jury bias, he does not demonstrate that his counsel's strategy was deficient or that he was actually prejudiced. Based on this record, Sandoval does not demonstrate that the state habeas corpus court's decision to deny relief was objectively unreasonable or that he is entitled to relief. Therefore, the respondent is entitled to summary judgment on this issue.

### 2.    Failure to Object to an Extraneous Offense (Claim 2b)

Sandoval contends that his defense counsel was deficient for failing to object to a comment made by the prosecutor during closing argument about whether he committed the extraneous offense of evading arrest.[32] In his affidavit to the state habeas corpus court, Sandoval's defense counsel clarified that the challenged remark

---

[32]    Petition [Doc. # 1], at 6-7; Memorandum in Support [Doc. # 4], at 15-16.

was made by the prosecutor after defense counsel raised the issue during his closing argument at the punishment phase of the proceeding.[33]  When attempting to curry favor during his closing remarks, defense counsel advised the jurors that Sandoval had cooperated with the police during their investigation.[34]  The prosecutor countered defense counsel's argument by noting that witnesses had testified that Sandoval left the scene of the offense and was not arrested for another seven months.[35]  Defense counsel did not object because the prosecutor's argument was based on the evidence and he did not want to highlight the fact that Sandoval had been avoiding the police, which made him look guilty.[36]

The state habeas corpus court found that defense counsel's account was supported by the record, which contained evidence that police were unable to locate Sandoval at his residence after obtaining a warrant for his arrest and that he did not turn himself in after his family was informed about that warrant.[37]  Finding that the jury could have deduced from this evidence that Sandoval was evading arrest, the state habeas corpus court found that the prosecutor's argument was proper and that

---

[33]     Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 84.

[34]     *Id.*

[35]     *Id.*

[36]     *Id.*

[37]     Findings of Fact and Conclusions of Law [Doc. # 9-29], at 92.

defense counsel reasonably reached the same conclusion when he decided not to object.[38]  As a result, the state habeas corpus court concluded that Sandoval failed to show that defense counsel's failure to object was unreasonable or deficient.[39]

A Texas prosecutor's jury argument is considered proper if it falls within one of the following categories: (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to argument of opposing counsel; (4) a plea for law enforcement.  *See Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).  Sandoval does not demonstrate that the prosecutor's argument was improper or that his counsel had, but failed to make, a valid objection.  Absent a showing that counsel was deficient, Sandoval fails to show that the failure to raise an objection constitutes ineffective assistance.  *See Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) (holding that "counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless"); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").  Because Sandoval does not show that the state

---

[38]     *Id.* at 93.

[39]     *Id.*

court's decision to reject this claim was unreasonable, the respondent is entitled to summary judgment on this claim.

### 3.      Failure to Object to Questioning – Part One (Claim 2c)

Sandoval contends that his defense counsel was deficient for failing to object to improper questioning of Deputy Quintanilla about witnesses who did not testify.[40] Sandoval contends that Deputy Quintanilla was allowed to testify on direct examination about whether accounts given by other individuals who witnessed the shooting, including a young child ("J.T."), were consistent with testimony given by two others who testified for the State at Sandoval's trial, identifying him as the person who shot Cesareo Herrera.[41]

Defense counsel explained that, to the best of his recollection, he did not object to the prosecutor's questioning of Deputy Quintanilla because the question was not eliciting a response about an actual statement given by J.T.[42] Defense counsel noted that the prosecutor asked one question regarding whether J.T.'s statement was consistent with those given by others and then moved on without asking about the content of J.T.'s statement.[43]

---

[40]     Petition [Doc. # 1], at 7; Memorandum in Support [Doc. # 4], at 16-19.

[41]     *Id.*

[42]     Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 84.

[43]     *Id.*

The state habeas corpus court found that defense counsel's affidavit was supported by the transcript, which confirms that Deputy Quintanilla only testified about whether J.T.'s statement was consistent with that of two witnesses who testified at trial and that he did not testify about the content of any statement that J.T. had made to him.[44]  The state habeas corpus court concluded that Sandoval failed to show that defense counsel's failure to object was deficient or that the trial court would have committed error in overruling an objection to the testimony if one had been made.[45]  Noting further that Sandoval failed to show harm, the state habeas corpus court concluded that Sandoval did not demonstrate that he was denied effective assistance of counsel in connection with the challenged testimony.[46]

Sandoval does not demonstrate that counsel had a valid objection to raise that would not have been overruled by the trial court.  *See Head v. State*, 4 S.W.3d 258, 260-63 (Tex. Crim. App. 1999) (holding that the trial court's decision to allow an investigator's testimony about whether various witness statements were "consistent" did not violate the prohibition against inadmissible hearsay found in Tex. R. Evid. 801 and was not an abuse of discretion).  Accordingly, he fails to establish that

---

[44]    Findings of Fact and Conclusions of Law [Doc. # 9-29], at 94.

[45]    *Id.* (citing Tex. R. Evid. 801(a)) (citations omitted).

[46]    *Id.* at 94-95.

defense counsel was deficient or that the state habeas corpus court's decision was unreasonable. The respondent is entitled to summary judgment on this issue.

### 4. Failure to Object to Questioning – Part Two (Claim 2d)

Sandoval contends further that his defense counsel was deficient for failing to object when the prosecutor asked Deputy Quintanilla why J.T. was not available to testify.[47] Sandoval contends that he was prejudiced as a result because Quintanilla responded by telling the jury that J.T.'s mother knew Sandoval's family, that she was "very frightened" about possible "retaliation" against her son, and that "she did not want her 10 year-old boy involved."[48]

In response to this claim, defense counsel explained that he did not object to the questioning of Deputy Quintanilla on this issue "because there was no valid legal objection to make."[49] Defense counsel noted that Quintanilla was testifying that he met with J.T., who witnessed the murder, and in Quintanilla's opinion "the witness was scared."[50] Defense counsel observed further that Quintanilla did not testify about any statements made by J.T., and that the prosecutor's questioning did not

---

[47]    Petition [Doc. # 1], at 7; Memorandum in Support [Doc. # 4], at 20-22.

[48]    Memorandum in Support [Doc. # 4], at 21 (quoting R.R. vol. 3, pp, 206-07).

[49]    Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 85.

[50]    *Id.*

elicit anything else that would have warranted an objection.[51]   The state habeas corpus court noted that Sandoval failed to meet his burden to specify what objection his counsel should have made to this portion of Deputy Quintanilla's testimony.[52] The state habeas corpus court found further that defense counsel's assessment was reasonable and not deficient under the circumstances.[53]

Sandoval argues that it is impermissible for a prosecutor to imply that a witness has been "frightened from the courtroom by a defendant."[54]   The case that Sandoval primarily relies upon, however, concerns jury argument by the prosecutor that was unsupported by the evidence rather than the propriety of a question posed by the prosecutor during direct examination.  *See Thomas v. State*, 519 S.W.2d 430, 431 (Tex. Crim. App. 1975) (recognizing that a prosecutor may not imply that a particular witness was afraid to testify without evidentiary support); *see also De Los Santos v. State*, 918 S.W.2d 565, 570-71 (Tex. App. — San Antonio 1996, no pet.) (distinguishing the *Thomas* case and concluding that the prosecutor's generalized comments about witnesses being afraid to testify constituted a reasonable deduction

---

[51]     *Id.*

[52]     Findings of Fact and Conclusions of Law [Doc. # 9-29], at 96.

[53]     *Id.*

[54]     Memorandum in Support [Doc. # 4], at 20-21.

from the evidence).  None of the other cases cited by Sandoval support a finding that his counsel was deficient for failing to raise an objection to prosecutor's question or the testimony in response.[55]  In that respect, the record confirms that Deputy Quintanilla's remarks concerned reluctance on the part of a mother about allowing her ten-year-old child to testify in a murder trial after witnessing Sandoval shoot the complainant with a firearm.[56]  As the intermediate court of appeals found when affirming Sandoval's conviction, he has not shown that the prosecutor exceeded the bounds of permissible jury argument when he mentioned witnesses who were reluctant to testify where the argument was supported by evidence in the record.  *See Sandoval*, 2015 WL 545776, at *2-3.  Sandoval does not provide any authority showing that his defense counsel had a valid objection to make to the prosecutor's question or to Deputy Quintanilla's opinion about whether J.T. was frightened by what he saw and reluctant to come to court.  Based on this record, Sandoval does not show that he was denied effective assistance of counsel or that the state court's

---

[55]     Sandoval also references two opinions from the United States Court of Appeals for the Seventh Circuit, which involved improper evidence of a defendant's direct threats made to testifying witnesses.  *See* Memorandum in Support [Doc. # 4], at 21 (citing *Dudly v. Duckworth*, 854 F.2d 967 (7th Cir. 1988); *Clark v. Duckworth*, 906 F.2d 1174 (7th Cir. 1990)).  Neither decision is binding precedent or clearly applicable here and, notably, the Fifth Circuit has expressly declined to follow *Dudly* or *Clark* in another case.  *See United States v. Covorubbia*, 52 F.3d 1068, 1995 WL 241813 at *3-4 (5th Cir. April 14, 1995) (per curiam) (unpublished).

[56]     *See* Court Reporter's Record, vol. 3 [Doc. # 9-10], at 206-07, 235.

decision is not otherwise entitled to deference on federal habeas corpus review. Accordingly, the respondent is entitled to summary judgment on this claim.

### 5.    Failure to Impeach a Witness (Claim 2e)

Sandoval contends that his counsel was deficient for failing to impeach one of the State's witnesses, Jaime Duarte, about the fact that Duarte was initially considered to be a suspect in the case before he described Sandoval to a sketch artist.[57]  Sandoval maintains that, as a suspect, Duarte had a motive to lie and that defense counsel should have objected to his testimony under Tex. R. Evid. 613(b) and filed a motion for a mistrial or motion for new trial once Duarte's motive to lie was established.[58]

In response to this allegation, defense counsel explained in his affidavit that he did not find it necessary to impeach Duarte's testimony because information about Duarte's status as a suspect had been presented already through testimony given by Deputy Quintanilla.[59]  Counsel explained further that a central part of his defensive strategy was to use this information to argue that Duarte was a suspect and not a credible witness.[60] The state habeas corpus court found that the jury heard that

---

[57]    Petition [Doc. # 1], at 7; Memorandum in Support [Doc. # 4], at 19-20.

[58]    *Id.*

[59]    Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 84.

[60]    *Id.* at 84-85.

Duarte was a suspect at the beginning of the homicide investigation and that defense counsel argued in his summation that Duarte only identified Sandoval as the perpetrator to deflect attention away from himself.[61] The state habeas corpus court found that Sandoval's claim that defense counsel was deficient for failing to impeach Duarte had "no merit" and that it would not have granted a motion for new trial regarding Duarte's testimony if one had been filed.[62]

Choices regarding impeachment are generally a matter of trial strategy and may not be second-guessed in a federal habeas corpus proceeding. See Strickland, 466 U.S. at 689; *see also Mills v. Armontrout*, 926 F.2d 773, 774 (8th Cir. 1991) (observing that trial counsel's decision to refrain from impeaching a witness was a reasoned choice of trial strategy that was not subject to challenge in an ineffective-assistance claim on federal habeas review); *Laugand v. Cain*, Civil No. 06-5269, 2007 WL 3275127, at *7 (E.D. La. Nov. 6, 2007) (explaining that a decision regarding whether to attempt to impeach a witness "is a matter which calls on counsel's professional judgment and requires him to balance a number of factors, including but not limited to the relative importance of the perceived inconsistencies, the likelihood of whether a witness can explain those inconsistencies, and the

---

[61]    Findings of Fact and Conclusions of Law [Doc. # 9-29], at 95.

[62]    *Id.* at 95-96.

possible alienation of jurors by endless disputes concerning what they may consider ultimately inconsequential and time-consuming issues."). Sandoval does not show that counsel had a valid objection to raise under Rule 613(b) of the Texas Rules of Evidence, which provides that a witness may be impeached by using extrinsic evidence to show bias or interest after a proper foundation has been established.[63] He does not otherwise demonstrate that his counsel had grounds to move for a mistrial or that counsel was deficient for failing to file motion for new trial on any particular issue. Because he does not demonstrate deficient performance or actual prejudice as the result of his counsel's chosen strategy on cross-examination, Sandoval fails to show that the state habeas corpus court's decision was unreasonable. Therefore, the respondent is entitled to summary judgment on this issue.

### 6.      Failure to Object to Improper Argument (Claim 2f)

Sandoval contends that his defense counsel was deficient for failing to object to improper argument by the prosecutor about two of the State's witnesses.[64] Specifically, Sandoval contends that the prosecutor argued that two of the State's

---

[63]     *See* Tex. R. Evid. 613(b)(4) ("Extrinsic evidence of a witness's bias or interest is not admissible unless the witness is first examined about the bias or interest and fails to unequivocally admit it.").

[64]     Petition [Doc. # 1], at 7; Memorandum in Support [Doc. # 4], at 22-23.

witnesses (Jaime Duarte and Elida Bronfield) never spoke to each other before trial, improperly bolstering their credibility, when there was no evidence in the record establishing that the two witnesses never spoke before trial.[65]

In his affidavit to the state habeas corpus court, Sandoval's defense counsel explained that he had attacked the credibility of Duarte and Bronfield in his closing argument and that the prosecutor responded in rebuttal by making arguments about why those witnesses were credible.[66] According to defense counsel, "[t]he evidence was clear that Bronfield and Duarte had never met each other in any way."[67] In view of the fact that the witnesses did not know each other, defense counsel believed that an objection would only have highlighted the prosecutor's point and would have been detrimental to his client's case.[68]

The state habeas corpus court found that defense counsel made a reasonable strategic decision to not object to the prosecutor's argument because the evidence did not demonstrate that Bronfield and Duarte knew each other or that they ever met before trial and because such an objection would highlight the point that the

---

[65] *Id.* at 22.

[66] Supplemental Affidavit of Defense Counsel [Doc. # 9-29], at 85.

[67] *Id.* at 85-86.

[68] *Id.* at 86.

prosecutor was trying to make.[69]   The state habeas corpus court also found that defense counsel was not deficient because the prosecutor's argument was made in response to arguments by opposing counsel and was not improper.[70]

Sandoval does not present any evidence showing that Duarte and Bronfield knew each other or met before trial and he does not otherwise show that his defense counsel had, but failed to make, a valid objection.   Under these circumstances, Sandoval fails to show that the state habeas corpus court's decision was unreasonable or that he has a valid claim for relief.   Because Sandoval has not established that he has a valid claim, the respondent's motion for summary judgment will be granted and this action will be dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims

---

[69]     Findings of Fact and Conclusions of Law [Doc. # 9-29], at 98.

[70]     *Id.*

debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 8] is **GRANTED**.

2. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Casimiro Bustos Sandoval [Doc. # 1] is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on __March 1_____, 2021.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE